# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

DOCKET NO. 3:04-CR-39-6-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM |
| MATTHEW BARRETTE ROZZELLE, | ) | OF DECISION |
| | ) | |
| Defendant. | ) | |
| | ) | |

In this matter before the Court for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the U.S.S.G. (made retroactive by Amendment 713), the Court makes the following findings and conclusions:

1. Defendant is eligible for a sentence reduction to a period of confinement equal to 137 months for the reasons set forth in the Supplement to the Presentence Report.

2. In the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2) provides that the Court *may* reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. In the Commentary to U.S.S.G. § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is discretionary and that retroactivity does not entitle a defendant to a reduced term of imprisonment as a matter of right.

3. The Government asks the Court to exercise this discretion to deny Defendant's motion based on the extent of the sentencing reduction Defendant has already received on account of his

substantial assistance to the government. At Defendant's original sentencing, the Government made a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) and the Court imposed a sentence of 168 months, representing a 53 percent reduction from the lower end of the guideline range then applicable to him. While the extent of the Court's downward departure at Defendant's original sentencing may have exceeded the Government's expectations, this is not a proper basis for denying a defendant the benefit of Amendment 706's 2-point reduction. Pursuant to Application Note 1(B) to U.S.S.G. § 1B1.10, only three factors are relevant to the determination of whether and to what extent a reduction is warranted: (i) the 18 U.S.C. § 3553(a) sentencing factors; (ii) the possible danger to the community posed by a defendant's early release; and (iii) a defendant's post-sentencing conduct. Furthermore, Application Note 3 suggests that the Court generally ought not to second guess the value assigned to the defendant's substantial assistance in his original sentencing but should grant a reduction that is "comparably less" than the amended guideline range.

4. There being no evidence presented by the Government of any post-sentencing misconduct by this Defendant or of any other grounds for concluding that this Defendant's early release will pose a danger to the community, the Court will grant Defendant's motion for a sentence reduction.

An appropriate Order shall issue separately.

Signed: April 23, 2009

Frank D. Whitney
United States District Judge